UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MILLARD SCHINDLER AND KAREN SCHINDLER | CIVIL ACTION |
| VERSUS | NO. 06-7078 |
| ALLSTATE INDEMNITY COMPANY, ET AL | SECTION "N" (3) |

## ORDER AND REASONS

Before the Court is the Motion to Remand filed by Plaintiffs, Millard Schindler and Karen Schindler ("Plaintiffs"), seeking remand of this matter to Civil District Court for the Parish of Orleans, State of Louisiana. The removing defendants, Allstate Insurance Company, as issuer of the homeowners policy, and Allstate Insurance Company, as issuer of the flood policy ("Allstate"), oppose the Motion to Remand.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs are owners of property located at 6559 Argonne Boulevard, in New Orleans, Louisiana. On August 29, 2005, Hurricane Katrina made landfall in southeast Louisiana, causing catastrophic damages. This property was severely damaged not only by Hurricane Katrina, but also by the subsequent failure of the levee system in the New Orleans area, which caused massive

1

flooding. Plaintiffs' property was allegedly covered under policies of homeowners and flood insurance issued by Allstate.

On August 18, 2006, Plaintiffs filed suit in Civil District Court for the Parish of Orleans, State of Louisiana, asserting damages against Allstate pursuant to the terms of insurance coverages they claim they enjoy pursuant to the policies purchased from Allstate. Also named as a defendant was Terry Tarleton Insurance, Inc. ("Tarleton"), which Plaintiffs' claim was negligent and breached its fiduciary duty in the placement of Plaintiffs' coverages. Plaintiffs also seek damages pursuant to Title 22 of the Louisiana Revised Statutes, specifically §§ 658, 695, 1220, and 1221.

## II.  LAW AND ANALYSIS

### A.  Removal Jurisdiction

Defendants Allstate Insurance Company (as issuer of the homeowners policy) and Allstate Insurance Company (as issuer of the flood policy) removed this matter to federal court, asserting (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332, and (2) federal question jurisdiction under the National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. § 4001, *et seq.*, as a fiduciary of the United States pursuant to 44 C.F.R. § 62.23(f).

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing the existence of federal jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v.*

*Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447 (c).

**B.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, the federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states.  The Supreme Court has required that parties have complete diversity in order for diversity jurisdiction arising under 28 U.S.C. § 1332 to be invoked. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed. 437 (1996).  Complete diversity exists when all persons on one side of the controversy are citizens of different states than the persons on the opposing side.  *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187, 110 S.Ct. 1015, 1016-1017, 108 L.Ed.2d 157 (1990) (diversity jurisdiction is complete only if there is no plaintiff and no defendant who are citizens of the same state).

In their original Petition, Plaintiffs allege the following against Tarleton:

6.

> In May of 2005, Plaintiffs requested of Defendant, Tarleton, their policy limits for the homeowner's and flood policies be increased to maximize their coverage; Defendant, Tarleton, advised Plaintiffs the amount for which they are covered was sufficient.

*     *     *

27.

Defendant, Tarleton, was negligent and breeched [sic] their fiduciary duty to plaintiff in not increasing the plaintiff's flood policy to a higher and more appropriate amount.

[misnumbered] 26.

Defendant, Tarleton, was negligent and breeched [sic] their fiduciary duty to plaintiff in not increasing the plaintiff's Homeowners policy to a higher and more appropriate amount.

28.

Defendant, Tarleton, was negligent and breeched [sic] their fiduciary duty to plaintiff by directly or indirectly informing plaintiff that the policy sold to plaintiff would cover "all hurricane damages."

29.

Defendant, Tarleton, was negligent and breeched [sic] their fiduciary duty to plaintiff in not advising plaintiff of the availability or need for additional coverage for flood damages.

30.

Defendant, Tarleton, was negligent and breeched [sic] their fiduciary duty to plaintiff by directly or indirectly informing plaintiff that they had sufficient coverage.

These allegations, as set forth in the original Petition which was verified by both Millard Schindler and Karen Schindler, state a claim against Tarleton. The allegations state specifically that Plaintiffs requested an increase in policy limits at a particular time, May 2005, and further reflect specific advice given by Tarleton to Plaintiffs on that occasion. Thus, as opposed to allegations claiming general under-insurance and an even more general nebulous duty of the insurance agent to somehow detect and anticipate such insurance shortfall, the allegations of the Petition herein specifically set forth grounds for independent liability of Tarleton to the Plaintiffs.

4

### C.     Improper Joinder

The standard for determining when a defendant has been improperly or "fraudulently" joined is well-established in the Fifth Circuit. To demonstrate fraudulent joinder, the party seeking removal must show the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Central Railroad Co.*, 252 F.3d 220, 222-23 (5th Cir. 2003); *see also B., Inc. v Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Courts examine "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Smallwood*, 352 F.3d at 223 (*citing Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)). Furthermore, the Fifth Circuit has stated that "[i]f the plaintiff has *any* possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Rich III v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *2 (E.D. La. 2003) (*citing Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)) (emphasis added).

A party is considered fraudulently joined when the plaintiff has not or can not state a claim for relief against the individual or entity under the applicable substantive law or does not intend to secure a judgment against that defendant. *Englande v. Glaxo Smithkline*, 206 F.Supp.2d 815, 817 (E.D. La. 2002) (*citing Erdey v. American Honda Co., Inc.*, 96 F.R.D. 593, 595 (M.D. La. 1983)). The key inquiry to a claim of fraudulent joinder is whether the facts as alleged support the plaintiff's substantive claims against the non-diverse defendants. *Englande*, 206 F.Supp.2d at 819 (*citing B., Inc.*, 663 F.2d at 545). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Englande*, 206 F.Supp.2d at 819 (*citing Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Any

ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Because the fraudulent joinder doctrine is a narrow exception to the rule that diversity jurisdiction requires complete diversity, the "burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc.*, 663 F.2d at 549. Thus, in determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (*quoting B., Inc.*, 663 F.2d at 549).

Allstate claims that Tarleton was improperly joined because any claim against this non-diverse defendant is time-barred. Defendants surmise that the peremptive period under La. R.S. 9:5606[1] commenced no later than May 2005. Plaintiffs contend, and the Court agrees, that the

---

[1] That professional insurance agents are amenable to actions for damages is implicit in the statute creating time limits for such actions. La. R.S. 9:5606 provides as follows:

A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of alleged act, omission, or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

peremptive period under this statute did not necessarily commence in May of 2005, but rather may have commenced much later, including later than August 18, 2005, which date is one year prior to the date suit was filed. To be clear, the Court does not in this instance hold that the claim against Tarleton is timely; it merely finds that, based upon the materials before the undersigned, and only for jurisdictional purposes, there is a reasonable basis for predicting that state law might impose liability on Tarleton, reserving, of course, the right of Tarleton to revisit this issue in state court.[2]

### D.   Federal Question Jurisdiction

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983)); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). This means that the federal question must appear on the face of the complaint. *See Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Because defendants may remove a case to federal court only if the plaintiffs could have brought the action in federal court from the outset, "the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" *Merrell*

---

[2]Defendants also argue that the claims against Allstate and Tarleton are improperly joined pursuant to *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359-60 (11th Cir. 1996) (stating that "[t]he court will not allow these plaintiffs to defeat the Defendants' right to have their claims determined in a federal forum by the artifice of joining their claims with totally separate claims of other non-diverse parties"), *overruled on other grounds sub nom, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000). This argument has previously been rejected under the factual circumstances present herein. *See, e.g., Schwartz v. Chubb & Sons, Inc.,* 2006 WL 980673 (E.D. La. April 11, 2006); *Radlauer v. Great Northern Insurance Co.,* 2006 WL 1560791 (E.D. La. May 16, 2006).

*Dow*, 478 U.S. at 808. "The fact that a federal defense may be raised to the plaintiff's action ... will not suffice to create federal question jurisdiction." *Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989), *citing Franchise Tax Bd.*, 463 U.S. at 12. Thus, the general rule provides that a federal defense to a state law claim does not create removal jurisdiction.

Allstate contends that federal question jurisdiction exists because Allstate, as issuer of the flood policy under the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.*[3] The Court disagrees with Allstate's arguments, for substantially the same reasons set forth in *Seruntine v. State Farm Fire & Casualty Co.,* 444 F.Supp.2d 698 (E.D. La. 2006). *See also Sullivan v. State Farm and Cas. Co.,* 2006 WL 21193207 (E.D. La. July 27, 2006).

It is clear from the Petition that, with regard to the flood policy claim, Allstate tendered the policy limits of $147,000 (see ¶ 14), and thus the issue of flood coverage is not one of "claim handling", but rather is one of "procurement." Accordingly, Plaintiffs' claims for penalties, attorney's fees and costs under Title 22 of the Louisiana Revised Statutes can only relate to their claim under the homeowners policy. Hence, under *Seruntine* and *Sullivan*, federal question jurisdiction grounded on such argument does not exist.

### E.     Attorney's Fees

In their memorandum in support of their motion to remand, Plaintiffs request attorney's fees and costs for Defendants' improper removal. The decision whether to award fees and costs is

---

[3] *See also* 44 C.F.R. § 62.23(f).

discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) (*citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant Plaintiffs' request for attorney's fees and costs.

### III.  CONCLUSION

For the foregoing reasons, the Motion to Remand this matter to Civil District Court in and for the Parish of Orleans, State of Louisiana, be and is hereby **GRANTED**; and, to the extent the motion seeks attorney's fees and costs in connection with the Motion to Remand, such motion is **DENIED**.

New Orleans, Louisiana, this  5th  day of June, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**